IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SARAH STEINHAUER** | : | **Civil No.   1:21-CV-02030** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EAST PENNSBORO AREA SCHOOL** | : | |
| **DISTRICT, et al.** | : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is Plaintiff Sarah Steinhauer's motion for reconsideration (Doc. 52) of the protective order endorsed by the court on November 9, 2023 (Doc. 51). For the reasons set forth below, the motion will be granted in part.

I.      **BACKGROUND**

This is a civil rights and employment discrimination case between Plaintiff Sarah Steinhauer and Defendants East Pennsboro Area School District, Richard Tysarczyk (the "School Defendants"), East Pennsboro Township, the East Pennsboro Township Police Department, and Detective Adam Shope (the "Township Defendants"). The genesis of this case is alleged disparate treatment and disability discrimination against Plaintiff, an art teacher, by her employers, the School Defendants, that ultimately culminated in accusations of vandalism at East

1

Pennsboro Area School District, a criminal investigation into Plaintiff by the Township Defendants concerning the vandalism, and Plaintiff's termination of employment. (*See generally* Docs. 1, 32, 57.)

The present dispute arose early in the litigation, prior to the joinder of the Township Defendants. As part of her case against the School Defendants, Plaintiff sought documents concerning the criminal investigation into the vandalism and ultimately deposed three witnesses, including two nonparties associated with East Pennsboro Township Police Department, and (now) Defendant Adam Shope. A number of documents were produced to Plaintiff by the Township Defendants concerning the investigation.

On November 9, 2023, the Township Defendants filed a motion for a protective order (Doc. 49) seeking to seal and keep confidential all documents it produced to Plaintiff and the entirety of the deposition transcripts as "investigative information and documents" that are protected from disclosure by Pennsylvania's Criminal History Record Information Act ("CHRIA"). 18 Pa. C.S. § 9101-9183. The court granted that motion the same day. (Doc. 51.) Shortly thereafter, on November 27, 2023, Plaintiff sought reconsideration of that motion on the basis that the order was overly broad and included information that is not protected from disclosure by CHRIA. (Doc. 52.) The School Defendants concur with Plaintiff's motion for reconsideration. (*Id.*)

The motion has been fully brief and is ripe for disposition.

## II.  **LEGAL STANDARD**

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparran v. Pa.*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 U.S. Dist. LEXIS 52398, 2011 WL 1878226 at *1 (M.D. Pa. May 17, 2011)). Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Giuro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. Pa. 2020) (citing *Vaidya Xerox Corp.*, No. 97-CV-00547, 1997 U.S. Dist. LEXIS 18548, 1997 WL 732464, *2 (E.D. Pa. Nov. 25, 1997)). A "mere disagreement "with a court's legal conclusion is not a sufficient basis for reconsideration." *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014)

(citing *Mpala v. Smith*, No. 3:06-CV-00841, 2007 U.S. Dist. LEXIS 2939, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007)).

As "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence[,]" *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted), "[t]he scope of a motion for reconsideration . . . is extremely limited[,]" *see Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Thus, "[s]uch motions are not to be used as an opportunity to relitigate the case[.]" *See id.* (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

## III.   **DISCUSSION**

Federal Rule of Civil Procedure 26(c) allows a district court to enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Protective orders are "intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

The party seeking a protective order has the burden of "justifying the confidentiality of each and every document sought to be" sealed. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d. Cir. 2019) (citing *Pansy*, 23 F.3d at 786-87). The party seeking a protective order over

4

discovery material "must demonstrate that 'good cause' exists for the order." *Id.* (citing *Pansy* 23 F.3d at 786). In turn, "good cause" means that "disclosure will work a clearly defined and serious injury to the party seeking disclosure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1071 (3d. Cir. 1984)).

The Third Circuit has set forth various factors, "which are neither mandatory nor exhaustive" for district courts to consider when determining whether good cause exists and whether, after analysis, a court should issue a protective order. Those factors are:

1. whether disclosure will violate any privacy interests;
2. whether the information is being sought for a legitimate purpose or for an improper purpose;
3. whether disclosure of the information will cause a party embarrassment;
4. whether confidentiality is being sought over information important to public health and safety;
5. whether the sharing of information among litigants will promote fairness and efficiency;
6. whether a party benefitting from the order of confidentiality is a public entity or official; and
7. whether the case involves issues important to the public

*In re Avandia*, 924 F.3d at 671 (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

A district court is the best suited to determine which factors are relevant to a given dispute and the analysis "should always reflect a balancing of private versus

public interests." *In re Avandia*, 923 F.3d at 671-72 (citing *Glenmede*, 56. F.3d at

483 and *Pansy*, 23 F.3d at 789).

In granting the protective order the same day the motion was filed, the court

made clear legal error. Among the 969 documents provided to the court to be sealed

are (1) screenshots of postings and comments on social media; (2) documents related

to the School Defendants such as invoices, and emails and photos sent to the

Township Defendants; (3) an April 11, 2022, subpoena issued by Plaintiff to the

Township Defendants; and (4) the entirety of the three deposition transcripts. (*See*

Doc. 65.) Even if the court agreed that some of the documents provided to Plaintiff

prior to the entry of the protective were covered by CHRIA, such as the documents

noted in the Township Defendants brief in support of the protective order (Doc. 50),

the court does not agree that the CHRIA protects anything and everything

tangentially related to the criminal investigation. Information that is publicly

available (the social media postings), documents generated by other defendants (the

School Defendants' communications), and the deposition transcripts regarding this

civil rights case, in their entirety, at least, do not come within CHRIA's reach. As

the proponent of the protective order, the Township Defendants bore the burden of

demonstrating that each and every document should be sealed. The Township

Defendants have not demonstrated that each of the 969 pages provided to the court

are even arguably appropriate for sealing or protected from disclosure by CHRIA.

Accordingly, the court will grant in part Plaintiff's motion for reconsideration.

## IV.   **CONCLUSION**

For the reasons set forth above, the motion for reconsideration will be granted

in part.

An appropriate order shall follow with instructions for the parties.

<u>/s/ Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge

Dated: July 30, 2024